## STATE v. McINTIRE.

1. **Indictment**: MANNER OF PRESENTMENT: PRESUMPTION OF REGU-
LARITY. When the objection is raised to an indictment that it was
not presented in the manner prescribed by the Code, it will be presumed,
in the absense of a showing in the record to the contrary, that the re-
quirements of the statute were complied with.

2. ————: OMISSION OF TITLE NOT FATAL: STATUTE CONSTRUED. An
indictment will not be set aside because it does not contain the title of
the cause and the names of the parties, as prescribed by Code, § 4297.

3. ————: LARCENY: ALLEGATION OF OWNERSHIP: STATUTE CONSTRUED.
Under section 4305, par. 6, of the Code, in an indictment for larceny, it
is a sufficient designation of the person injured to allege that the owner
of the stolen property is to the jurors unknown; and the allegation that
the goods were taken from the possession of the railroad company is
sufficient, as showing special property in the company, to designate the
person injured by the crime.

*Appeal from Henry District Court.*

TUESDAY, SEPTEMBER 19.

DEFENDANT was indicted and convicted of larceny; he now
appeals to this court.

*Culbertson & Jones* and *L. A. Palmer*, for appellant.

*Smith McPherson Attorney-general*, for the State.

BECK, J.—I. This cause was submitted for decision with-
out argument on the part of defendant. The indictment and
proceedings had thereon are set out in the abstract upon
which the case was tried in this court as follows:

"INDICTMENT.

"STATE OF IOWA,  } *District Court of Said County.*
Henry County.  }

"At the August term thereof, A. D. 1880, the grand jury
within and for the body of the county of Henry as aforesaid,

duly and legally convoked, impaneled, and sworn in the name and by the authority of the State of Iowa, upon their oaths, do find and present:

"That George Eply and Daniel McIntyre, on the 12th day of May, 1880, in the county of Henry, and the State of Iowa, aforesaid, from the possession of the Chicago, Burlington and Quincy Railroad Company, a corporation doing business under the laws of Iowa, ninety yards of sheeting of the value of ten dollars, one box of shoes of the value of fifty dollars, and three pair of boots of the value of seven and fifty one-hundredth dollars, all to the value of sixty-seven and fifty one-hundreth dollars, the owner or owners of said chattels being to the jurors unknown, feloniously did take, steal, and carry away, contrary to the statute, etc.

"PROCEEDINGS.

"On the 25th day of August, 1880, the defendant filed a motion to set aside the indictment, setting up the following grounds:

"1st. That the indictment was not presented as prescribed by the Code.

"2d. The presentment is faulty in this, that it does not comply with the Code requiring the title of the case and the names of the parties to appear on the face of the indictment.

"This motion the court overruled, to which ruling of the court the defendant at the time excepted.

"The defendant then on the 25th day of August, 1880, filed a demurrer, setting up the following grounds:

"1st. The indictment does not conform to the requirements of the Code, in this, that it does not contain the title of the cause and the names of the parties, and is not a compliance with the form in section No. 4297 of the Code.

"2d. It is not sufficient in this, that it does not comply with subdivision 6, of section 4305. It is not a compliance with this section to say "that the owners of the goods were unknown to the jurors;" it must also charge specifically that the goods and chattels were *not* the defendant's.

State v. McIntire.

"3d. That in failing to state that the property alleged to have been taken from the car was *not* the property of defendant, it raises a presumption that such property was the property of the defendant and that the taking was not criminal.

"This demurrer was also overruled by the court, to which the defendant at the time excepted.

"Trial was had to a jury, at November, 1880, term, who found a verdict of guilty as charged in the indictment;

"Upon which verdict the court entered judgment, sentencing defendant eighteen months to the penitentiary.

"On the 27th day of November, 1880, defendant filed a motion to arrest the judgment and for a new trial, which was overruled. To which ruling the defendant at the time excepted.

"The points raised in the motion in arrest and for a new trial were the same as those raised in the demurrer herein."

The rulings of the District Court upon the motion to set aside the indictment upon the demurrer, and upon the motion in arrest and for a new trial, are assigned for error by defendant's counsel.

II. The facts upon which the first ground of the motion was based are not shown by the record. It does not appear that the indictment was not presented in the manner prescribed by the Code. In the absence of an affirmative showing to the contrary it will be presumed that the requirments of the statute were complied with.

III. The other grounds of the motion are repeated in the demurrer. The first one is that the indictment does not contain the title of the cause and the names of the parties as prescribed by Code, § 4297. The form given in this section designates the offense charged by name. It was held in *State v. Davis*, 41 Iowa, 311, that an erroneous designation of the crime did not defeat the indictment and that the offense would be determined by the facts alleged. The erroneous designation was held to be surplusage and the indictment,

therefore, was regarded as containing no designation of the crime.    And in *State v. Baldy*, 17 Iowa, 39; *State v. Shaw*, 35, Iowa, 575, and *State v. Hessenkamp*, 17 Iowa, 25, indictments were held to be good which failed to designate the offenses.    Under the rule recognized in these cases the omission of the title of the cause from the indictment is not a fatal objection.

IV.   The indictment is assailed in the demurrer and in the motion in arrest, on the ground that it fails to allege the name of the owners of the property stolen.

Code, § 4305, ¶ 6, requires "that when material, the name of the person injured be set forth when known to the grand jury, or if not known to it, that it be so stated in the indictment."

Regarding the owner of the goods to be the party injured the indictment is sufficient as it alleges he is unknown to the grand jurors.

The indictment alleges that the goods were in the possession of the railroad company therein named.   If this be regarded as showing special property in that corporation, it is a sufficient designation of the party injured by the crime.

The indictment unmistakably shows that the goods stolen were not the property of defendant.

The *State v. McIntire, supra* (decided at the present term of this court), is in harmony with this opinion.

AFFIRMED.