#24100-a-PER CURIAM
**2007 SD 29**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                                  Plaintiff and Appellee,

v.

RAYMOND A. ANDREWS,                                  Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
McCOOK COUNTY, SOUTH DAKOTA

* * * *

HONORABLE BOYD L. McMURCHIE
Judge

* * * *

LAWRENCE E. LONG
Attorney General

CRAIG M. EICHSTADT
Deputy Attorney General                         Attorneys for plaintiff
Pierre, South Dakota                            and appellee.

ROBIN M. EICH of
Eich Law Office                                 Attorneys for defendant
Parker, South Dakota                            and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 27, 2006

OPINION FILED 3/14/07

#24100

PER CURIAM

[¶1.]        Raymond Andrews appeals his conviction for operating a boat with

0.08% or more by weight of alcohol in his blood.  He challenges the constitutionality

of the statute making this conduct a criminal offense.  We affirm because he has

failed to preserve this issue for appellate review.

FACTS

[¶2.]        In September 2005 Andrews was charged with alternative counts of

operating a boat while under the influence of alcohol or with 0.08% or more by

weight of alcohol in his blood.  Andrews initially pled not guilty and requested a

jury trial.  Jury selection began on January 18, 2006.  During voir dire, a question

apparently arose over how the trial court intended to instruct the jury on the issue

of the "operation" of a boat.  After an in-chambers discussion of the issue between

the court and counsel, Andrews elected to enter a guilty plea to the charge of

operating a boat with 0.08% or more by weight of alcohol in his blood.  He was

sentenced to 90 days in the county jail and a $500 fine.  Both the fine and jail time

were suspended on various terms and conditions including payment of costs and

court appointed attorney's fees.

[¶3.]        Andrews was convicted under SDCL 42-8-45(1), which provides:

> No person may *operate* a boat while underway on the
> public waters of the state while:
>
> (1)      There is 0.08 percent or more by weight of alcohol
>          in that person's blood as shown by chemical
>          analysis of that person's breath, blood, or other
>          bodily substance;
>
>                          * * *

Any violation of this section is a Class 1 misdemeanor.

(Emphasis added.) The operation of a boat under this statute is defined as "to navigate *or otherwise use* a boat[.]" SDCL 42-8-2(4)(emphasis added). Andrews argues that these statutes are unconstitutionally overbroad and vague because the emphasized language could be construed to apply to a passenger's use of a boat, and no reasonable person would expect such conduct to constitute a crime.

[¶4.] Before we may address Andrews' argument, we must first determine the effect of his plea of guilty. It is "'the general rule that a voluntary and intelligent plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the prior proceedings.'" State v. Hoeft, 1999 SD 24, ¶ 12, 594 NW2d 323, 326 (quoting State v. Cowley, 408 NW2d 758, 759 (SD 1987)). In State v. Grosh, 387 NW2d 503, 507 (SD 1986), this Court, quoting Tollett v. Henderson, 411 US 258, 267, 93 SCt 1602, 1608, 36 LEd2d 235, 243 (1973), explained:

> [A] guilty plea represents a break in the chain of events
> which has preceded it in the criminal process. When a
> criminal defendant has solemnly admitted in open court
> that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims
> relating to the deprivation of constitutional rights that
> occurred prior to the entry of the guilty plea. He may only
> attack the voluntary and intelligent character of the
> guilty plea . . .

[¶5.] There is, however, an exception to this general rule of waiver. As explained in Weisberg v. State of Minnesota, 29 F3d 1271, 1279-1280 (8thCir 1994):

> [a]s a general rule, "[a] defendant's knowing and
> intelligent guilty plea forecloses 'independent claims
> relating to the deprivation of constitutional rights that
> occurred before the entry of the guilty plea.'" United
> States v. Vaughan, 13 F3d 1186, 1187 (8thCir [1994])
> (quoting Tollett v. Henderson, 411 US 258, 267, 93 SCt
> 1602, 1608, 36 LEd2d 235 (1973)), *cert. denied*, __ US __,

> 114 SCt 1858, 128 LEd2d 481 (US 1994)(No. 93-8607).
> There are exceptions to this rule, however; a person may,
> despite a valid guilty plea, pursue a certain type of claim
> that has been variously defined as a claim that attacks
> "the State's power to bring any indictment at all," United
> States v. Broce, 488 US 563, 575, 109 SCt 757, 765, 102
> LEd2d 927 (1989), that protects a defendant's "right not
> to be haled into court," Blackledge v. Perry, 417 US 21,
> 30, 94 SCt 2098, 2104, 40 LEd2d 628 (1974), and that "the
> charge is one which the State may not constitutionally
> prosecute," Menna v. New York, 423 US 61, 62-63 n 2, 96
> SCt 241, 242 n 2, 46 LEd2d 195 (1975) (per curiam).

This exception was further explained in U.S. v. Morgan, 230 F3d 1067, 1071 (8thCir 2000):

> A claim that a statute is facially unconstitutional falls
> within the exception. *See* Sodders v. Parratt, 693 F2d 811,
> 812 (8thCir 1982) (holding guilty plea does not foreclose
> attack on constitutionality of criminal statute under
> which defendant was charged-defendant claimed statute
> was vague on its face); United States v. Johnston, 199 F3d
> 1015, 1019 n 3 (9thCir 1999). [However, n]o court has
> applied the exception to a claim, like [appellant's], that a
> statute is unconstitutional as applied. *See* Johnston, 199
> F3d at 1019 n 3.

Therefore, under this exception, while a guilty plea waives a claim that a statute is unconstitutional as applied, it does not waive a claim that a statute is facially unconstitutional.

[¶6.]     "A 'facial' challenge, in this context, means a claim that the law is 'invalid *in toto* – and therefore incapable of any valid application.'" Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 US 489, 494 n 5, 102 SCt 1186, 1191, 71 LEd2d 362 (1982)(quoting Steffel v. Thompson, 415 US 452, 474, 94 SCt 1209, 1223, 39 LEd2d 505 (1974)).

> In examining a facial challenge, [a] court must first
> "determine whether the enactment reaches a substantial

amount of constitutionally protected conduct." *Hoffman Estates,* 455 US at 494, 102 SCt 1186. Where the enactment does not reach constitutionally protected conduct, "the overbreadth challenge must fail[,]" *id.,* and the complainant may succeed in a vagueness challenge "only if the enactment is impermissibly vague in all of its applications." *Id.* at 495, 102 SCt 1186. Pursuing this line of analysis, the Supreme Court cautioned courts to "examine the complainant's conduct before analyzing other hypothetical applications of the law[,]" *id,* because "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to . . . others." *Id.* Therefore, "vagueness challenges that do not involve the First Amendment must be examined in light of the specific facts of the case at hand and not with regard to the statute's facial validity." United States v. Nadi, 996 F2d 548, 550 (2dCir 1993) (citing Chapman v. United States, 500 US 453, 467, 111 SCt 1919, 114 LEd2d 524 (1991)).

Woodis v. Westark Community College, 160 F3d 435, 438- 39 (8thCir 1998).

[¶7.]        SDCL 42-8-45(1) does not reach constitutionally protected activities such as speech.  Moreover, because the statute not only prohibits the use, but also the navigation of a boat, it cannot be said that it is impermissibly vague in all applications.  After all, no citation of authority is necessary to sustain the proposition that the State may validly prohibit the navigation or operation of boats and motor vehicles in public places while impaired.  Therefore, Andrews has no viable claim of facial unconstitutionality.  This leaves him with the sole claim that the statutes are unconstitutional as applied.  However, as noted above, "as applied" claims are waived by the entry of a guilty plea. [1]

---

1.    The trial court offered Andrews the following alternatives to preserve his legal argument:  "I would reject [Andrews' proposed] instruction and you could protect the record on a plea so that would be appealable.  Or we could do a trial before the Court, if you want to do it that way, and stipulated

[¶8.]     We also observe that even if Andrews' "as applied" challenge had not been waived by his plea, he waived it by failing to present an adequate factual record of the conduct at issue.  In analyzing as applied challenges, a court must examine the complainant's conduct and the specific facts of the case at hand.  *See Woodis, supra.*  That is not possible here.  Because Andrews entered a guilty plea, the record of his conduct and the specific facts of the case would generally be confined to the factual basis entered for his plea.  *See* McCarthy v. U.S., 394 US 459, 467, 89 SCt 1166, 1171, 22 LEd2d 418 (1969)(cited in State v. Lashwood, 384 NW2d 319, 322 (SD 1986)(factual basis rule requires judge to determine that conduct which defendant admits constitutes the offense charged).  However, the factual basis for Andrews' plea has not been included as a part of the settled record for appeal.  Other than Andrews' counsel's statements in voir dire, the only thing the record indicates is that Andrews was initially arrested as the "driver" of the boat.

[¶9.]     This Court has repeatedly instructed that the party claiming error carries the responsibility of ensuring an adequate record for review.  State v. Cates, 2001 SD 99, ¶ 18, 632 NW2d 28, 36.  When confronted with an incomplete record, this Court presumes that the trial court acted properly.  *Id.*  "Without an adequate record, any claim of alleged error fails."  MBNA America Bank, N.A. v. Credit, 132 P3d 898, 900 (Kan 2006).[2]

---

facts."  Andrews apparently declined these opportunities and simply pleaded guilty.

2.     *See also* Belk v. Martin, 39 P3d 592, 600 (Id 2001)(absent adequate record on appeal to support appellant's claims, court will not presume error); Foutch v. O'Bryant, 459 NE2d 958, 959 (Ill 1984)(absent complete record to support

#24100

[¶10.]    Based upon the foregoing, Andrews' "as applied" challenge was waived by his guilty plea, and even if it was not, his challenge fails for lack of an adequate record for review.

[¶11.]    Affirmed.

[¶12.]    GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.

---

claim of error it will be presumed that order entered by trial court was in conformity with the law and had a sufficient factual basis); Stallings v. State, 508 NE2d 550, 552 (Ind 1987)(it is appellant's duty to present adequate record showing alleged error and, where he fails to do so, the issue is deemed waived); Your Home, Inc. v. City of Portland, 432 A2d 1250, 1254 (Me 1981)(appeal must be denied if appellant has not presented an adequate record for review); Barak v. Quisenberry Law Firm, 37 CalRptr3d 688, 692 (CalCtApp 2006)(failure to provide adequate record on issue requires that issue be resolved against appellant); Nelson v. Schubert, 994 P2d 225, 231 (WashCtApp 2000)(appellant has burden of presenting adequate record, and bears consequence of court's inability to conduct full review, which is rejection of his challenge).