#25885-a-SLZ

**2011 S.D. 90**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                          Plaintiff and Appellee,

    v.

BUCKLY MCCOLL,                                  Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE  SEVENTH JUDICIAL CIRCUIT
FALL RIVER COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JEFF W. DAVIS
Judge

* * * *

MARTY J. JACKLEY
Attorney General

ANN C. MEYER
Assistant Attorney General
Pierre, South Dakota                            Attorneys for plaintiff
           and appellee.


PAUL R. WINTER of
Skinner & Winter, Prof. LLC
Rapid City, South Dakota                        Attorneys for defendant
           and appellant.

* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 14, 2011

OPINION FILED **12/21/11**

#25885

ZINTER, Justice

[¶1.] Former Fall River County Deputy Sheriff Buckly McColl entered into a plea agreement to plead guilty to one count of third-degree rape. In exchange, the State dismissed other charges and agreed to not release an analysis of McColl's use of the Sheriff's Department's computers. More than one year after McColl was sentenced, he moved to withdraw his plea, asserting that the State violated the plea agreement by "leaking" the computer analysis. The circuit court denied the motion. McColl moved for reconsideration and a hearing to present witnesses who would testify they heard information about the computer analysis. The circuit court also denied that motion. McColl argues that the circuit court erred in not allowing a hearing to present evidence that the State breached the plea agreement. We affirm.

*Facts and Procedural History*

[¶2.] McColl, a Fall River County Deputy Sheriff, was charged with three counts of third-degree rape and one count of false reporting to authorities. Based on evidence discovered in investigating the rapes, the State's Attorney obtained a search warrant for work computers McColl used or could have used in his capacity as a deputy sheriff. After finding child pornography on the computers, the search widened to include all Sheriff's Department's computers. Four computers were confiscated requiring deputies to share computers.

[¶3.] McColl subsequently entered into a plea agreement. Under the agreement, he agreed to plead guilty to one count of third-degree rape. Another part of the plea agreement was sealed and captioned as a "Plea Bargain Agreement (Supplement)." The supplemental agreement prohibited the State's Attorney from

releasing the results of the analysis of McColl's use of the Sheriff's computers. McColl entered a guilty plea on October 15, 2009, and he was sentenced on October 23, 2009.

[¶4.] On February 16, 2010, and May 14, 2010, McColl and his wife sent letters to the court indicating that they knew of witnesses who were aware of the sealed portion of the plea agreement and that pornography and McColl's work computer were involved. McColl indicated that he had entered into the plea agreement to avoid publication of his use of the Sheriff's computers.

[¶5.] On December 2, 2010, McColl formally moved to withdraw his plea, asserting a violation of the plea agreement. McColl's showing was limited to the assertion that: "Numerous persons have indicated knowledge of the sealed portion of the plea agreement. The first indications of the information being leaked were almost immediately following the sentencing hearing." The circuit court denied the motion. The court reasoned that "[a]llegations of rumors circulating in the community do not equate to a breach of the plea agreement by the State." The court noted that "no evidence has been shown to establish any such disclosure [of the computer analysis] by the State."

[¶6.] McColl moved to reconsider and allow an evidentiary hearing to present witnesses who would testify to hearing about the computer information. McColl's motion was supported only by the assertion that he "intended to call witnesses who would describe hearing of the information derived from the computer analysis on the day he pled guilty pursuant to the plea agreement and the supplement thereto." The circuit court denied that motion again because

"testimony or allegation[s] of rumors circulating in the community [did] not establish a breach by the State of a non-disclosure agreement." McColl appeals, raising one issue: whether the circuit court erred in not granting a hearing to present evidence that the State breached the plea agreement.

*Decision*

[¶7.]       McColl notes that "[o]nce an accused agrees to plead guilty in reliance upon a prosecutor's promise to perform a future act, the accused's due process rights demand fulfillment of the bargain." *Vanden Hoek v. Weber*, 2006 S.D. 102, ¶ 14, 724 N.W.2d 858, 863. McColl argues that he was deprived of his right to due process because he had no opportunity to present evidence demonstrating that the State breached the plea agreement. The State responds that McColl's showing was insufficient to warrant a hearing. The State emphasizes that McColl failed to identify any specific facts even suggesting that the State's Attorney was the source of the unidentified witnesses' information.

[¶8.]       "When . . . a defendant moves to withdraw his guilty plea after sentence has been imposed, the trial judge will set aside the judgment of conviction and permit [the] defendant to withdraw his plea only to correct manifest injustice." *State v. Lohnes*, 344 N.W.2d 686, 687-88 (S.D. 1984) (citing SDCL 23A-27-11*); *see also State v. Thielsen*, 2004 S.D. 17, ¶ 15, 675 N.W.2d 429, 433. Manifest injustice

---

\*       SDCL 23A-27-11 provides:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice a court after sentence may set aside a judgment of conviction and permit the defendant to withdraw his plea.

occurs when a plea is entered on a plea agreement that is not fulfilled because the plea is not considered voluntary. *See Lohnes*, 344 N.W.2d at 688; *see also State v. Rock*, 92 Wis. 2d 554, 558, 285 N.W.2d 739, 741-42 (1979) (noting that withdrawal of plea is permitted under the "manifest injustice" test when a plea agreement is breached by the prosecution).

[¶9.]     We have not had occasion to consider the showing necessary to withdraw a plea following sentencing, but the Wisconsin Supreme Court has provided guidance on this issue. A defendant seeking to withdraw a guilty plea after sentencing on the ground of manifest injustice must ultimately show entitlement to relief by clear and convincing evidence. *State v. Bentley*, 201 Wis. 2d 303, 311, 548 N.W.2d 50, 54 (1996). To obtain a hearing on the motion, the facts supporting a plea withdrawal "must be alleged in the petition and the defendant cannot rely on conclusory allegations, hoping to supplement them at a hearing." *Id.* at 313, 548 N.W.2d at 54.

> [I]f the defendant fails to allege sufficient facts in his motion to raise a question of fact, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the trial court may in the exercise of its legal discretion deny the motion without a hearing.

*Id.* at 309-10, 548 N.W.2d at 53. "A defendant must [also] do more than merely allege that he would have pled differently; such an allegation must be supported by objective factual assertions." *Id.* at 313, 548 N.W.2d at 54. "The nature and specificity of the required supporting facts will necessarily differ from case to case. However, a defendant should provide facts that allow the reviewing court to meaningfully assess his or her claim." *Id.* at 313-14, 548 N.W.2d at 55.

[¶10.]     South Dakota follows similar requirements in assessing the sufficiency of habeas corpus petitions. Allegations that are "unspecific, conclusory, or speculative" are insufficient to state a claim for relief. *See Jenner v. Dooley*, 1999 S.D. 20, ¶ 13, 590 N.W.2d 463, 469; *see also Sweeney v. Leapley*, 487 N.W.2d 617, 618 (S.D. 1992) (stating that an evidentiary hearing is unwarranted where no substantial factual issues exist). Even though habeas corpus involves a collateral attack on a conviction, we believe that the foregoing requirements are applicable here because a motion to withdraw a plea following a conviction is similar: "a defendant who has pleaded guilty no longer enjoys the presumption of innocence and, on a motion to withdraw the plea, bears the burden of production and persuasion." *Thielsen*, 2004 S.D. 17, ¶ 19, 675 N.W.2d at 434. We therefore agree with the Wisconsin Supreme Court that a defendant attacking a guilty plea following sentencing must plead non-conclusory, specific facts to allow the court to meaningfully assess the claim. *See Bentley*, 201 Wis. 2d at 313-14, 548 N.W.2d at 54-55. Whether a motion alleges facts which, if true, would entitle a defendant to a hearing and ultimately to the relief requested is a question of law that is reviewed de novo. *Id.* at 310, 548 N.W.2d at 53.

[¶11.]     McColl's motions failed to allege sufficient specific facts to warrant a hearing on his assertion that the results of the computer analysis had been leaked by the State's Attorney in violation of the plea agreement. We first observe that McColl did not identify any claimed witnesses or what those witnesses would say. McColl's showing was nothing more than an unsupported assertion that

unidentified witnesses had unspecified knowledge about the computer investigation.

[¶12.]     McColl also alleged no facts to suggest that the unidentified witnesses gained knowledge of the computer investigation through a post-plea agreement disclosure by the State's Attorney.  That omission is significant because McColl was publicly charged with rape, and before his plea agreement, his computer usage was the subject of a pornography investigation that involved all of the computers in the Sheriff's Department.  Thus, McColl's public charges and the pornography investigation involving the entire Sheriff's Department made evidence of McColl's computer usage available to many individuals outside the State's Attorney's office.

[¶13.]     In light of the pre-plea publicity and the broad Sheriff's Department investigation, McColl's assertion that unidentified witnesses heard of unidentified computer information from unidentified sources was nothing more than mere speculation that the State's Attorney "leaked" the computer analysis to unauthorized persons after the plea agreement had been reached.  Because McColl failed to allege specific facts which, if true, would entitle him to withdraw his plea, the circuit court was not required to hold a hearing to determine if the plea agreement had been breached.

[¶14.]     Affirmed.

[¶15.]     GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.