[No. C045570. Third Dist. Aug. 26, 2004.]

FAIR POLITICAL PRACTICES COMMISSION, Plaintiff and Respondent,
v.
AMERICAN CIVIL RIGHTS COALITION, INC. et al., Defendants and
Appellants.

COUNSEL

Bell, McAndrews & Hiltachk, Charles H. Bell, Jr., and Thomas W. Hiltachk for Defendants and Appellants.

Steven Benito Russo, William L. Williams, Jr., and Jennie Unger Eddy for Plaintiff and Respondent.

OPINION

**NICHOLSON, J.**— ██ An anti-SLAPP[1] motion must be heard within 30 days after service of the motion unless docket conditions require a later hearing. (Code Civ. Proc., § 425.16, subd. (f).)[2] Here, the motion was not heard within 30 days after service and the moving parties did not establish that the court's docket conditions required a later hearing. The trial court therefore denied the motion. We affirm.

## BACKGROUND

On September 3, 2003, the Fair Political Practices Commission (FPPC) filed suit against the American Civil Rights Coalition, Inc., and Ward Connerly. Defendants answered the complaint and, on October 15, 2003, filed an anti-SLAPP motion, noticed for hearing on November 21, 2003. The FPPC opposed the motion, both on the merits and because the motion was not heard within 30 days after service of the motion.

Concerning the timing of the hearing, defendants filed the declaration of Stephanie Alison, an assistant to the defense attorneys. The declaration states: "On October 8, 2003, I contacted the clerk of Department 54 of the Superior Court, Judge Thomas Cecil, to obtain a hearing date for notice purposes. I sought a hearing date within the 30-day window but was advised by the clerk

---

[1] A "SLAPP" is a strategic lawsuit against public participation. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1109, fn. 1 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

[2] Hereafter, statutory references, though unspecified, are to the Code of Civil Procedure.

that they were scheduling dates beyond that date. I requested the earliest available date, consistent with Charles H. Bell, Jr.'s out-of-office schedule calendar. The clerk offered the date of November 21, 2003, and we immediately noticed that date for hearing. [¶] [] No other factors other than the court's own calendar were considered in seeking such a hearing date."

The trial court issued a tentative ruling in which it concluded that the hearing was untimely. It found the declaration "[did] not meet defendant's burden of showing the docket conditions of the court required a later hearing."[3] After a hearing, the trial court affirmed its tentative ruling.

## DISCUSSION

In a brief argument, defendants assert the trial court erred in denying the anti-SLAPP motion because, according to defendants, the Alison declaration "makes clear the defendants sought a timely hearing on the 'anti-SLAPP' motion, but accepted a later date only after the court clerk indicated none was available within 30 days of the notice date." This argument overstates the Alison declaration and understates a moving party's duty to comply with the 30-day limitation.

"The anti-SLAPP statute provides that a cause of action arising out of an act of the defendant in furtherance of the exercise of the constitutional right of petition or free speech is subject to a special motion to strike. (§ 425.16, subd. (b)(1).) 'The Legislature enacted the anti-SLAPP statute to protect defendants, including corporate defendants, from interference with the valid exercise of their constitutional rights, particularly the right of freedom of speech and the right to petition the government for the redress of grievances.' [Citation.]

"Subdivision (f) of section 425.16 provides specific time deadlines for bringing a special motion to strike. Subdivision (f) consists of these two sentences: 'The special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper. The motion shall be noticed for hearing not more than 30 days after service unless the docket conditions of the court require a later hearing.' " (*Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1387 [129 Cal.Rptr.2d 892] (*Decker*).)

In *Decker*, a defendant filed several anti-SLAPP motions addressed to different groups of plaintiffs, but the motions were not heard within 30 days

---

[3] The tentative ruling also concluded that the FPPC is not subject to anti-SLAPP motions and that defendants were not entitled to relief because the FPPC showed a probability of prevailing on the merits.

after service. Concerning the timeliness of the hearing, the defendant's attorney filed a declaration stating that the court clerk notified him of several dates on which the trial court could hear the motions. After checking the availability of other defendants, the defendant chose the " 'earliest option under the circumstances.' " (*Decker, supra*, 105 Cal.App.4th at p. 1387.) The trial court denied the motions, and the Court of Appeal affirmed. (*Id.* at pp. 1385, 1393.)

 The *Decker* court determined that the defendant had failed to show that the delay beyond 30 days after service of the motions was due to docket conditions. Instead, the delay was for the defendant's convenience. (*Decker, supra*, 105 Cal.App.4th at p. 1388.) The court further held that the 30-day limit for obtaining a hearing, except as prevented by the court's docket conditions, is jurisdictional. (*Id.* at p. 1389.) Therefore, a defendant who files an anti-SLAPP motion and does not obtain a hearing within 30 days after service of the motion bears the burden of showing that the condition of the court's docket required a later hearing. (*Id.* at p. 1385.) If the defendant does not carry this burden, the trial court must deny the motion.

 The reason for this strict timeline is that filing of the anti-SLAPP motion triggers suspension of discovery in the case until notice of entry of the order ruling on the motion. (§ 425.16, subd. (g).) "[T]he Legislature required a prompt hearing on the special motion to avoid a prolonged discovery stay." (*Decker, supra,* 105 Cal.App.4th at p. 1388.)

Because the anti-SLAPP motion was heard more than 30 days after service of the motion, the question presented here is whether defendants carried their burden of showing that "the docket conditions of the court require[d] a later hearing." (§ 425.16, subd. (f).) This determination requires close scrutiny of the Alison declaration and the rules and practices of the trial court.

Viewing the Alison declaration filed in support of the anti-SLAPP motion in the light most favorable to the trial court's ruling, we conclude, as did the trial court, that it does not establish that the court's docket condition required a hearing later than 30 days after service. Regarded closely, the declaration is vague and ambiguous. The first sentence states: "I sought a hearing date within the 30-day window but was advised by the clerk that they were scheduling dates beyond that date." While the first part of the sentence states she sought a hearing date within the statutory time period, the second part of the sentence fails to state there was no date within the statutory time period available. Instead, it merely states that the court "was scheduling dates beyond that date." This does not state whether the court was able to schedule a hearing within the statutory period. The ambiguous statement could mean that the court was scheduling dates *both* within *and* beyond the statutory

period. It could well be that the clerk's response to the request was ambiguous, either meaning that there were no available hearing dates within the statutory period or simply that there were dates available on the court's docket beyond the 30 days mentioned by Alison. There is no indication, however, that Alison made an attempt to resolve this ambiguity.

The next sentence of the declaration makes it appear that the attorney's calendar was the most important factor in selecting a date, rather than whether the date was within the statutory period. It states: "I requested the earliest available date, consistent with Charles H. Bell, Jr.'s out-of-office schedule calendar." This still does not answer the question of whether the court's docket condition required a hearing beyond the 30-day period. Instead, it appears the hearing was set for the first date on which the court *and* the attorney were available.

Alison's declaration that "[t]he clerk offered the date of November 21, 2003," says nothing about whether other dates were available. And finally, the statement, "[n]o other factors other than the court's own calendar were considered in seeking such a hearing date," is obviously contradicted by the earlier statement that Alison sought the earliest date consistent with *the attorney's* calendar.

Accordingly, resolving ambiguities and vagueness in favor of the trial court's ruling, we must conclude this declaration did not carry defendants' burden of showing that the condition of the court's docket required a later hearing. (*Decker, supra,* 105 Cal.App.4th at p. 1385.) Consequently, we conclude the court did not err in denying the anti-SLAPP motion.

Two additional reasons support the trial court's denial of the anti-SLAPP motion: (1) as the trial court noted, defendants could have obtained a hearing within the statutory period simply by asking the court for a hearing by ex parte motion and (2) defendant could have waited to serve the motion until less than 30 days before the scheduled hearing.

During the hearing on the motion, the trial court discussed its policy of "oversetting" hearings for which there is a deadline. The court stated: "I don't mean to be overly critical of the declaration . . . , but just as a cautionary note, let me suggest the following: . . . When you have a deadline that is mandatory such as this deadline, simply ask the clerk if you can set an ex parte hearing, and come in and ask to be overset. [¶] . . . [W]e have a fair number of attorneys who simply make a telephonic appearance, asking specifically for the judge to overrule the staff and to overset certain matters, and it is a fairly common practice . . . ."

■ Beyond the failure of defendants to establish that the trial court's docket required a hearing beyond the 30-day limit, defendants also made no attempt,

citing the mandatory nature of the deadline, to obtain from the court a date within the statutory period. As the trial court here noted, such requests may be granted, even routinely. Such an attempt, if it is itself made in a timely manner but still denied, would also establish, beyond dispute, that the condition of the court's docket was the reason for the failure to hear the anti-SLAPP motion within 30 days after service. A trial court has a duty to hear a timely motion in a manner consistent with the rights of the parties and the requirements of the statute. (See *Wells Fargo Bank v. Superior Court* (1988) 206 Cal.App.3d 918, 922 [254 Cal.Rptr. 68] [local rule for handling extensive and complicated motions for summary judgment invalid because it conflicted with the timing requirements of the Code of Civil Procedure].)

Finally, perhaps the easiest way to comply with the 30-day time limit is to obtain a hearing date and then wait until 30 days before the hearing to serve the motion.[4] Since, under section 1005, a motion must be personally served "at least 21 calendar days before the hearing" or served by mail at least 26 days before the hearing "if the place of mailing and the place of address are within the State of California," this means the moving party has a certain window of time in which to serve the motion.

This strategy of reserving a hearing date and delaying service of the motion is more desirable than obtaining an earlier hearing date by ex parte motion because the ex parte motion requires a more significant amount of time and resources on the part of the attorney and the court. Furthermore, the court, working through its supporting personnel, should cooperate with the attorney or the attorney's supporting personnel in setting the hearing to comply with section 425.16, subdivision (f). (See *Wells Fargo Bank v. Superior Court, supra,* 206 Cal.App.3d at p. 922 [requiring trial court to comply with timing requirements of Code of Civil Procedure].)

Here, defendants obtained the November 21, 2003, hearing date on October 8, 2003. They immediately served the anti-SLAPP motion on the FPPC, but they did not file the motion until October 15, 2003, seven days later, thus staying discovery. (§ 425.16, subd. (g).) If they had waited until October 23, 2003, for example, to serve the motion, the date they obtained would have been within the statutory 30-day limit for hearing the motion.[5] The complaint here was filed on September 3, 2003; therefore, a filing date of October 23,

---

[4] The FPPC requests judicial notice of rule 3.20 of the Sacramento Superior Court Local Rules which requires parties to reserve hearing dates for anti-SLAPP motions in advance by telephoning the calendar clerks. We grant the request because the local rule establishes that, at least in Sacramento, the hearing date is reserved before the motion is filed.

[5] Defendants did not serve and file their points and authorities on the anti-SLAPP motion until October 31, 2003.

2003, for the anti-SLAPP motion would have been within the statutory period for filing the motion. (§ 425.16, subd. (f).)

Defendants' opening brief relies solely on the Alison declaration concerning the scheduling of the hearing in arguing that the trial court erred in determining that the motion should be denied because it was not heard within 30 days after service. Even though the FPPC, in its respondent's brief, discussed the two methods we have mentioned of complying with the statutory requirements, defendants filed no reply brief. Because it was, at all times, within defendants' power to comply with subdivision (f) of section 425.16 by delaying service of the motion, there is simply no way that "the docket conditions of the court" had anything to do with the noncompliance.

In summary, we conclude the declaration submitted by defendants did not establish that the court's docket condition required a hearing on the anti-SLAPP motion more than 30 days after service. We additionally observe that defendants could have avoided this jurisdictional problem by asking the court, by ex parte motion, for a date within the statutory period or, more preferably, by waiting until October 23, 2003, to serve the motion for which they had obtained a November 21, 2003, hearing date.[6]

## DISPOSITION

The order is affirmed.

Sims, Acting P. J., and Robie, J., concurred.

---

[6] Our conclusion that the trial court did not err in denying the anti-SLAPP motion because it was not heard within 30 days after service renders unnecessary a consideration of the merits of the motion.