[No. B181029. Second Dist., Div. Four. Jan. 10, 2006.]

FREDERICK BARAK, Plaintiff and Appellant, v.
THE QUISENBERRY LAW FIRM et al., Defendants and Respondents.

### COUNSEL

Contreras & Campa and Drago Campa for Plaintiff and Appellant.

Murphy Rosen & Cohen, Paul D. Murphy and Katharine A. Kates for Defendants and Respondents The Quisenberry Law Firm, John Quisenberry, Brian Kabateck, Jerilyn Jacobs and Erin Moore.

Sawyer, Orr & Sawyer, Stephen D. Sawyer and Jason Robert Sawyer for Defendant and Respondent Michael J. Larivee.

### OPINION

**HASTINGS, J.**—This appeal results from the grant of a special motion to strike appellant's complaint pursuant to Code of Civil Procedure Section 425.16.[1] We find no error and we affirm.

## BACKGROUND

Appellant Frederick Barak filed a complaint for malicious prosecution against respondents Michael Larivee, the Quisenberry Law Firm, and certain members of the Quisenberry Law Firm. The Quisenberry Law Firm had represented Larivee in a previous action filed against appellant.

On July 16, 2004, the Quisenberry Law Firm filed and served a special motion to strike appellant's complaint pursuant to section 425.16. It contended that the malicious prosecution action lacked merit and appellant would not be able to demonstrate a reasonable probability of prevailing on his claim.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

Hearing on the motion was noticed for August 17, 2004. Larivee filed a document joining in the motion. On its own motion, on July 20, 2004, the court continued the hearing on the Quisenberry Law Firm's motion to September 1, 2004. Notices of the continuance of the motion and the joinder were served by the court on counsel for Larivee and the Quisenberry Law Firm with directions to serve notice of the continuance on all parties. Notices were sent by counsel as directed by the court.

Appellant failed to timely file opposition to the motion. The Quisenberry Law Firm filed with the court a notice of nonreceipt of opposition. In response to this notice of nonreceipt, appellant filed an ex parte application seeking a continuance of the hearing on the motion to strike. The trial court denied the application.

On September 1, 2004, the court heard the special motion and the joinder. It issued a minute order which reflects that the hearing was recorded by an electronic recording monitor and, as pertinent, states: "Special Motion to Strike is granted. Joinder to motion is granted. The Complaint is ordered stricken. [¶] Defendant to submit a proposed order to the Court. [¶] Notice waived." A notice of ruling was provided by mail to appellant on September 8, 2004.

On November 2, 2004, appellant filed and served a motion for reconsideration. He argued the trial court did not have jurisdiction to hear the special motion to strike because it had not been heard within 30 days from service of the motion, as required by section 425.16, and that the joinder was improper.

On November 8, 2004, a judgment was entered by the trial court based on its ruling of September 1, 2004. Notice of entry of the judgment was not served on appellant until December 15, 2004.

Respondents filed opposition to the motion for reconsideration on November 12, 1004. They contended the motion had not been timely filed and it failed to raise new facts or law. They also argued and presented evidence that the special motion to strike had been timely heard by the trial court. In particular, the declaration of Paul D. Murphy, attorney for the Quisenberry defendants, states:

"2. On September 1, 2004, I attended the hearing on Defendants' motion to strike the complaint pursuant to Code of Civil Procedure section 425.16. For four consecutive court days prior to that hearing, Barak had given ex parte notice of his intent to continue that hearing. He did not show up in a timely fashion on the first three days. On the fourth day, he did show up, but the Court denied his application. Thus, prior to September 1, 2004, Barak's

position was that he was entitled to a continuance of the motion, not that the Court was jurisdictionally barred from hearing the motion.

"3. Notwithstanding, on September 1, 2004, Barak's counsel argued at length why the Court . . . lacked jurisdiction to rule on the motion pursuant to the reasoning of the recent Court of Appeal decision in Fair Political Practices Commission v. American Civil Rights Coalition, Inc., 121 Cal.App.4th 1171 [18 Cal.Rptr.3d 157] (2004). He even asked for and obtained permission to file a copy of the opinion with the Court. . . .

"4. In response to Barak's arguments regarding the Fair Political Practices case, I responded that the reason why Defendants originally noticed the hearing on August 17, 2004 was because we were told by the clerk of the court (in Department 64, which had the case until Barak disqualified Judge Freeman under Code of Civil Procedure section 170.6), that the Court's docket did not permit an earlier hearing. . . . I would estimate that oral argument on the motion lasted somewhere between 5 and 10 minutes. The vast majority of that time was spent arguing over the proper interpretation of the Fair Political Practices case."

On November 24, 2004, the trial court denied appellant's motion for reconsideration. On November 24, 2004, notice of this ruling was served on appellant.

A notice of appeal was filed on January 14, 2005.

### DISCUSSION

At the outset, we need to address the issue of whether we have jurisdiction to hear this matter.

On November 9, 2004, we sent a Government Code section 68081 letter by facsimile to counsel requesting that they be prepared to address timeliness of the notice of appeal at oral argument. The issue was addressed by counsel and we are satisfied that the notice of appeal was timely filed.

■ Section 425.16 specifically provides that a motion granting a special motion to strike is an appealable order. (§ 425.16, subd. (j).) California Rules of Court, rule 2(a)(2) provides that an appeal must be filed no later than 60 days after a notice of entry of the appealable ruling has been served. Notice of ruling of the order granting the motion and joinder was served on appellant on September 8, 2004. But the minute order granting the motion and the joinder directed: "[d]efendant to submit a proposed order to the Court." When preparation of a formal order is directed within the minute order, entry of the

order does not occur until the signed formal order is filed. (California Rules of Court, rule 2(d)(2); *County of Alameda v. Johnson* (1994) 28 Cal.App.4th 259, 261 [33 Cal.Rptr.2d 483].) The signed formal order here is actually the judgment which was entered on November 8, 2004. Notice of entry of the judgment, which triggered the 60 day period pursuant to rule 2(a)(2), was served on December 15, 2004. Thus, the notice of appeal filed on January 14, 2004, was timely.

Turning to the merits of the appeal, appellant raises two issues: (1) the motion to strike was untimely set for hearing; and (2) Larivee's joinder was invalid as a matter of law. .

■ California's anti-SLAPP (strategic lawsuit against public participation) statute was passed to address "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) The Legislature provided a special motion to strike as the means to address lawsuits which qualify for treatment under section 425.16. (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 [124 Cal.Rptr.2d 530, 52 P.3d 703].) A special motion to strike is particularly appropriate when the action sought to be stricken is one for malicious prosecution, as here. (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735 [3 Cal.Rptr.3d 636, 74 P.3d 737]; *Dickens v. Provident Life & Accident Ins. Co* (2004) 117 Cal.App.4th 705, 713 [11 Cal.Rptr.3d 877].)

■ As applicable, former section 425.16, subdivision (f) provided: "The motion shall be noticed for hearing not more than 30 days after service *unless the docket conditions of the court require a later hearing.*" (Italics added.) Appellant points out that here the special motion to strike was served on July 15, 2004, and set for hearing on August 17, 2004, or three days beyond the time required by subdivision (f). This is undisputed. But subdivision (f) allows a later hearing if the docket of the court requires it. We have evidence in the record, undisputed by reference to any portion of the record on behalf of appellant, that is the situation presented in this case.

■ "[A] defendant who files an anti-SLAPP motion and does not obtain a hearing within 30 days after service of the motion bears the burden of showing that the condition of the court's docket required a later hearing." (*Fair Political Practices Com. v. American Civil Rights Coalition, Inc., supra,* 121 Cal.App.4th at p. 1175, citing *Decker v. U.D. Registry, Inc.* (2003) 105 Cal.App.4th 1382, 1385 [129 Cal.Rptr.2d 892].) In opposition to appellant's motion for reconsideration, respondents provided a declaration from Attorney Paul D. Murphy which established that the court's docket required the original hearing to be conducted beyond the 30-day time period. Appellant provides no contrary information. In addition, the declaration from Attorney Murphy

indicates this issue was presented to the trial court at the hearing on September 1, 2004. We note that the minutes of the hearing of September 1, 2004, reflect that the matter was recorded by an electronic recording monitor. Appellant has failed to include a transcript of the hearing in the record on appeal. It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [240 Cal.Rptr. 872, 743 P.2d 932].) Thus, we must conclude the issue was raised before the trial court on September 1, 2004, and properly rejected.

Citing *Decker v. U.D. Registry, Inc., supra*, 105 Cal.App.4th 1382 and *Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26 [123 Cal.Rptr.2d 555], appellant contends that Larivee's joinder in the special motion to strike was a nullity and the trial court should not have granted him relief along with the Quisenberry defendants. It is true that *Decker* states a joinder in a motion to strike is not sufficient to place that party before the court in connection with affirmative relief sought in the special motion to strike. In doing so, *Decker* cited and relied on *Village Nurseries* which held the same in connection with a motion for summary judgment. The court reasoned as follows:

"Saltz did not bring his own special motion to strike but joined in UDR's motions. The joinder is not in the form of a motion and does not present any evidence or argument. In the analogous situation of a motion for summary judgment, we concluded a notice of joinder does not alone constitute a motion. [Citing *Village Nurseries*.] We hold the same is true for a special motion to strike.

"Saltz argues that 'standard practice' permits parties to join in each other's arguments. That is generally correct. [Citations.] But joining in an argument is different from joining in a motion. Saltz did not file a motion seeking relief on his own behalf with a joinder in UDR's arguments; he only filed a joinder in UDR's motion to strike the complaint as to UDR.

"Because Saltz did not bring his own special motion to strike, he is not bound—for better or worse—by the order denying UDR's motions. He also has no standing to appeal. [Citations.] Saltz's appeal is therefore dismissed." (*Decker v. U.D. Registry, Inc., supra*, 105 Cal.App.4th at p. 1391.)

*Decker* discussed the effect of a joinder in the context of Saltz's standing to appeal from denial of a special motion to strike and concluded, without analysis, that because a joinder in a motion for summary judgment is ineffective, the same should be true with regard to a motion to specially strike. Given the context of this case, we do not follow the precedent of *Decker*.

A special motion to strike differs significantly from a motion for summary judgment in one procedural aspect. In order to establish a prima facie case for summary judgment, a moving party defendant must present admissible evidence establishing a complete defense to the claim or that plaintiff will be unable to prove an essential element of the claim. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851 [107 Cal.Rptr.2d 841, 24 P.3d 493].) Only then is the opposing party required to present admissible evidence in opposition. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 780–781 [107 Cal.Rptr.2d 617, 23 P.3d 1143].) When a party merely joins in a motion for summary judgment without presenting its own evidence, the party fails to establish the necessary factual foundation to support the motion. In order to trigger a response from a plaintiff in a special motion to strike, a moving defendant need only demonstrate that the action arises out of protected First Amendment activity. (*Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1365 [102 Cal.Rptr.2d 864], disapproved on other grounds in by *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5 [124 Cal.Rptr.2d 507, 52 P.3d 685].) ■ Here, appellant's complaint alleges malicious prosecution which qualifies for treatment under section 425.16 as a matter of law. (*Dickens v. Provident Life & Accident Ins. Co.* (2004) 117 Cal.App.4th 705, 713 [11 Cal.Rptr.3d 877].) Thus, it was not necessary for Larivee to present admissible evidence to shift the burden to appellant to provide opposition.

In addition, Larivee's joinder not only states that he joins in the motion brought by the Quisenberry Law Firm, he requests affirmative relief: "Defendant LARIVEE seeks an order striking Plaintiff's Complaint as to Defendant LARIVEE and awarding Defendant LARIVEE his costs and attorney's fees in bringing a special motion to strike." In the penultimate paragraph, he states why a ruling on the special motion to strike brought by the Quisenberry Law Firm would also be applicable to him: "Most significantly, Defendant LARIVEE is the client of attorney Defendants . . . . Accordingly, relief afforded to [the attorney] Defendants under a special motion to strike should also be afforded to Defendant LARIVEE because all the Defendants are in the same relative position with regards to Plaintiff's claims set forth in the Complaint."

In short, the nature of appellant's claim established the necessary foundation for application of section 425.16 and Larivee's joinder sought affirmative relief on behalf of himself. We find no abuse of discretion by the trial court in entertaining the joinder.

Nor is any prejudice demonstrated. Appellant failed to provide any opposition to the special motion to strike and presents no argument on appeal to demonstrate why the same result would not have been obtained had Larivee

filed a similar motion instead of a joinder. (*Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1069 [232 Cal.Rptr. 528, 728 P.2d 1163].)

## DISPOSITION

The order granting the special motion to strike is affirmed. Costs are awarded to respondents and the matter is remanded to the trial court to consider a further award of attorney fees on appeal to respondents. (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499 [45 Cal.Rptr.2d 624].)

Epstein, P. J., and Curry, J., concurred.