Filed 5/23/24  Kisaka v. U. of Southern Cal. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DOUG KISAKA, | B323698 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV16703) |
| v. | |
| UNIVERSITY OF SOUTHERN CALIFORNIA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kristen S. Escalante, Judge.  Affirmed.

Doug Kisaka, in pro. per., for Plaintiff and Appellant.

Kjar, McKenna Stockalper, Patrick E. Stockalper and Hannah R. Hogoboom for Defendant and Respondent.

## INTRODUCTION

Plaintiff Doug Kisaka (Kisaka) challenges an order sustaining, without leave to amend, a demurrer filed by defendant University of Southern California (USC). Kisaka contends that the trial court misunderstood the res judicata effect of a prior federal court ruling. We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Some of the facts relevant here were discussed in a previous opinion issued by this division. (*Kisaka v. University of Southern California* (Dec. 21, 2018, B284559) [nonpub. opn.] (*Kisaka I*).)

In March of 2011, Kisaka filed a lawsuit in federal court, alleging several causes of action for race discrimination arising out of his attendance at USC. On April 15, 2014, the court dismissed the case pursuant to Federal Rules of Civil Procedure, rule 41(b). The dismissal was affirmed on appeal. (*Kisaka v. University of Southern California* (9th Cir. 2016) 668 Fed.Appx. 747.)

In February 2017, Kisaka refiled his action in Los Angeles County Superior Court. In August 2017, that case was dismissed after USC's demurrer was sustained without leave to amend. Kisaka appealed. This division affirmed, holding that the judgment in the federal case had claim preclusive effect.

In April 2020, Kisaka attempted to file another lawsuit against USC in federal court. That case was dismissed at prefiling review.[1] The order of

---

[1] Under 28 United States Code section 1915, if a plaintiff in a federal case wishes to proceed under a fee waiver, the assigned judge reviews both the request and the complaint. The request may be denied, and the complaint dismissed, if the court determines that the action has no merit.

dismissal found that the action was based on "the same underlying facts" as the prior two actions and was therefore "barred in full by claim preclusion principles."

In May 2020, Kisaka tried again to refile the lawsuit in federal court. Again, the case was dismissed at prefiling review. And again, the order of dismissal found that the claims were precluded. Kisaka appealed, but the appeal was dismissed.

In June 2021, Kisaka filed another federal action against USC. USC filed a motion to dismiss, which was granted by the court on December 16, 2021. The court concluded that the first dismissal order (the one filed in federal court on Apr. 15, 2014) had preclusive effect. The ruling was affirmed on appeal. (*Kisaka v. University of Southern California* (9th Cir. Jan. 24, 2024, No. 22-55945) 2024 WL 260965.)

On May 20, 2022, Kisaka filed the current complaint in Los Angeles County Superior Court against USC. USC demurred on the grounds that the complaint was barred by res judicata and the statute of limitations. The trial court took judicial notice of the rulings of the federal courts, as well as of the prior opinion issued by this division. The court then sustained the demurrer, without leave to amend, on the ground that the action was barred by claim preclusion. The court dismissed the case.

Kisaka filed a timely appeal.

---

(28 U.S.C. § 1915(e)(2)(B); see also *Garcia v. Lacey* (2014) 231 Cal.App.4th 402, 411–412 [describing the process].)

**DISCUSSION**

I.    *Standard of Review*

An order sustaining a demurrer without leave to amend is subject to de novo review.  (*Center for Environmental Health v. Perrigo Co.* (2023) 89 Cal.App.5th 1, 16.)  Our task is generally to "examine the operative complaint" and "determine whether it alleges facts sufficient to state a cause of action under any legal theory."  (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162 (*T.H.*).)  We review the trial court's decision, not its reasoning.  (*Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631.)  Where a demurrer was sustained without leave to amend, the plaintiff bears the burden of showing that the defect could be cured via amendment.  (*T.H.*, *supra*, 4 Cal.5th at p. 162.)

We note that the complaint has not been included in the record on appeal.  The appellant has the burden of providing a record that would establish the claimed error.  (*Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660.)  Therefore, to the extent the record is incomplete, the gap is construed against Kisaka.  (See *Sutter Health Uninsured Pricing Cases* (2009) 171 Cal.App.4th 495, 498.)


II.    *Res Judicata*

Res judicata has been used as an "umbrella term" that covers two related but distinct doctrines: claim preclusion and issue preclusion.  (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 823.)  "Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit."  (*Id.* at p. 824.)  "[I]ssue preclusion applies (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit

4

and (4) asserted against one who was a party in the first suit or one in privity with that party." (*Id*. at p. 825.) Claim preclusion is the doctrine the trial court applied here.

In this context, the term "cause of action" refers simply to the right to recover for a given harm. (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 798.) It does not refer to the legal theory employed, or the remedy requested; "the determinative factor is the harm suffered." (*Ibid*.) Here, the trial court concluded that the harm alleged in this action was identical to the harm alleged in each of the previous actions. Kisaka does not dispute that conclusion.[2] Nor is there any disagreement about the identity of the parties; it has always been Kisaka on one side and USC on the other.

Kisaka focuses instead on the third element: the existence of a final judgment on the merits.[3] His primary argument is that the original decision in the first federal case was not a final adjudication on the merits. However, that issue has already been considered and decided by this division.

As set forth above, Kisaka filed the original federal lawsuit asserting discrimination claims against USC in March of 2011. That lawsuit was

---

[2]    Kisaka repeatedly refers to his subsequent lawsuits as "refiling" his original complaint.

[3]    Kisaka spends much of his opening brief relitigating the events in the prior state and federal actions, as well as the legal import of comments made by the judicial officers in those actions. None of those issues are properly before us, and we decline to consider them. In his reply brief, for the first time, Kisaka raises arguments regarding tolling of the statute of limitations. Because we hold that res judicata bars this action, we need not consider the statute of limitations issue. And in any event, we would not consider arguments raised for the first time on reply. (*Reichardt v. Hoffman* (1997) 52 Cal.App.4th 754, 763-766.)

dismissed on April 15, 2014. Kisaka attempted to refile the same claims in state court in 2017. That subsequent lawsuit was dismissed on res judicata grounds. The dismissal was affirmed by this division in 2018. Kisaka has now brought the same claims once again, received the same ruling from the trial court, and now asks that we revisit the same issue previously decided. We decline that request.

Kisaka also contends that USC should be judicially estopped from raising the claim preclusion defense. Judicial estoppel may occur where a party has (1) taken inconsistent positions; (2) in judicial or quasi-judicial proceedings; (3) one of which was adopted by the tribunal; and (4) was not taken by "ignorance, fraud or mistake." (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 122.) However, there is no indication in the record that USC has ever taken inconsistent positions.

Kisaka appears to rely on the assertion that counsel for USC "cheered" when the federal court dismissed the first case. There is no citation to the record in support of this assertion, as required by California Rules of Court, rule 8.204(a)(1). But in any event, "cheering" a legal victory is entirely consistent with the position that the result is final. USC's assertion of a res judicata defense to every subsequent action has been unwavering. There is no basis to estop them from raising it again.

III. *Leave to Amend*

Kisaka does not argue that his complaint could have been amended. Therefore, no consideration is given to that issue. (See *T.H.*, *supra*, 4 Cal.5th at p. 162.)

## DISPOSITION

The decision of the trial court is affirmed.  Respondent USC is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


MORI, J.

7