Filed 6/4/24  S.Z. v. A.P. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| S.Z., | |
| Appellant, | G062566 |
| v. | (Super. Ct. No. 22D006625) |
| A.P., | O P I N I ON |
| Respondent. | |

Appeal from an order of the Superior Court of Orange County, Lee L. Gabriel, Judge.  Affirmed.

Law Offices of Linda Louise Scott and Linda Louise Scott for Appellant.

Holstrom, Block & Parke, Ronald B Funk and James R. Parke for Respondent.

\*          \*          \*

S.Z. (father) appeals from the trial court's grant of a three-year domestic violence restraining order sought by his then spouse, A.P. (mother).  He contends the trial

court erred in excluding testimony concerning statements allegedly made by mother more than 26 years ago, and he challenges the sufficiency of the evidence supporting the trial court's order. Having thoroughly reviewed the record, including sealed transcripts, we find no error. The trial court did not abuse its discretion in excluding father's proffered evidence, and substantial evidence — presumed and express — supports the court's finding of abuse under the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.[1]; DVPA). Accordingly, we affirm the order.

## FACTS

At the beginning of September 2022, a time when mother and father were married, mother filed a petition for a domestic violence restraining order seeking to protect her and the couple's two minor children from father. Father filed a declaration opposing the ex parte grant of a temporary restraining order. The trial court granted a temporary restraining order pending a hearing on the matter, scheduled for the end of the month. Among other provisions, the order required father to vacate the family home and stay away from mother and the children, with no communication or visitation with the children. Five days later, father filed a petition for dissolution of their marriage.

In a supplemental declaration filed prior to the first hearing, father claimed mother provided false and misleading information to the court. He denied having ever physically or mentally abused mother or their children, and he denied ever behaving aggressively toward them. In response to specific incidents raised by mother in support of her application, father claimed the incidents never happened.

At the end of the September 2022 hearing, the court heard from the parties and appointed counsel to represent the children. It amended and extended the temporary restraining order to include one 3-hour weekly visit with the children, to be monitored by

---

[1] All further statutory references are to the Family Code unless otherwise stated.

a professional visitation monitor (visitation monitor) with a law enforcement background. Ultimately, the court continued the hearing on the underlying request for roughly one month to allow input from minors' counsel.

Prior to the next hearing, the court received four written reports from the visitation monitor. Each report detailed positive interactions between father and the children. The children were observed to be excited to see father, they smiled and showed affection toward father throughout their visits, and they expressed missing him and frowned when visits would end. None of the reports mentioned any concerning behavior or interactions.

At a late October 2022 hearing, the court heard from minors' counsel who expressed the parties had reached an agreement for 11 hours of weekly monitored visits between father and the children. Counsel for the parties announced they were ready to proceed with an evidentiary hearing, providing a 5-hour time estimate. The court continued the matter for another few weeks and extended the amended temporary restraining order through that date.

At a November 2022 hearing, the court agreed to hear testimony from one of the minor children at a future time, subject to certain conditions. It continued the matter for another few weeks, and extended the then existing orders.

Between mid-December 2022 and the end of March 2023, the trial court heard testimony from the parties, as well as various other individuals relating to mother's restraining order request. The first testimony came from one of the minor children during a closed hearing, the transcript of which was sealed.[2] Thereafter, the court heard from mother, father, mother's mother (grandmother), mother's sister, and the visitation monitor.

---

[2]    The sealed transcript is part of the appellate record.

3

Grandmother testified she witnessed three occurrences of father being physically aggressive with mother. During the first incident, in September 2013, grandmother overheard mother and father talking in another room and "heard a sound similar to somebody slapping somebody on the skin." Grandmother went into the other room and saw a mark on the back of mother's neck, appearing to be traces of the palm of a hand. She confronted father about what occurred, but he denied hitting mother and left the house. The second incident took place in April 2019. Grandmother said the couple was arguing at home, father followed mother up the stairs, and the mother saw him grab mother from behind and heard a slap. When mother came downstairs crying, grandmother observed her bleeding and asked her whether father hit her, to which mother responded he had. The third incident described by grandmother took place in May 2022. She testified she overheard the couple having "a very heated discussion," during which she "all of a sudden . . . heard a noise like a loud slap or hit."

The visitation monitor testified about their observations of the children during their visits with father. At the beginning of the visits, they would always run to him, and give him hugs and kisses. The end of the visits were the opposite. The children were "immediately sad and many times started crying because they did not want to leave [his] presence . . . ."

When father took the stand, he denied ever physically harming or threatening to harm mother, denied harming the children, and denied the occurrence of all incidents to which others testified. From his perspective, his relationship with mother started to go downhill around 2010. He relayed that when he got injured around 2019 and became unable to work, their relationship got "much worse." Mother would call him "useless," say she needed to get more money, and tell him she could not wait to get rid of him.

After testimony and argument from all sides concluded, the trial court issued an oral decision granting a three-year restraining order protecting mother and the

4

children from father. By a preponderance of the evidence, the court found the abuse by father consisted of "intentionally and recklessly causing or attempting to cause bodily injury, the placing of [mother] in reasonable apprehension of imminent serious bodily injury to her person, and disturbing [mother's] peace." In a lengthy explanation of its decision, the court expressed the following credibility determinations: it found mother "more credible, more persuasive, and more compelling;" it did not find father's testimony persuasive or compelling, but instead "self-serving" and non-responsive; it found grandmother and mother's sister to be credible; and it found the testifying child's testimony was likely the result of influence on father's part.

Father timely appealed from the resulting written order.

## DISCUSSION

Father challenges the trial court's evidence related rulings in two respects. First, he argues the trial court erroneously failed to admit certain evidence. Second, he claims there is insufficient evidence to support the trial court's issuance of the restraining order. We find no merit in either of these contentions.

I.  *Domestic Violence Restraining Orders, Generally, and Standard of Review*

The purpose of the DVPA is to prevent the recurrence of domestic violence against specified individuals, including a spouse, former spouse, or cohabitant, and to allow for a separation of those involved to provide time to resolve the underlying causes of the violence. (§ 6220.) "'[A] court may issue a restraining order to prevent domestic violence or abuse if the party seeking the order "shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse."'" (*K.L. v. R.H.* (2021) 70 Cal.App.5th 965, 978; see § 6300, subd. (a).)

"'[T]he requisite abuse need not be actual infliction of physical injury or assault.'" (*Gou v. Xiao* (2014) 228 Cal.App.4th 812, 817.) Instead, "abuse" is broadly defined to include intentionally or recklessly causing or attempting to cause bodily injury to a person, sexual assault of a person, placing a person in reasonable apprehension of

5

imminent serious bodily injury, or attacking, striking, stalking, threatening, battering, harassing, destroying personal property, or disturbing the peace of the other party. (§§ 6203, 6320.) "The length of time since the most recent act of abuse is not, by itself, determinative" of whether a restraining order should issue. (§ 6301, subd. (c).) Rather, the totality of the circumstances must be considered when determining whether to grant or deny relief. (*Ibid*.)

The grant or denial of a domestic violence restraining order is reviewed for an abuse of discretion. (*Hatley v. Southard* (2023) 94 Cal.App.5th 579, 598.) In that context, we apply the substantial evidence standard of review to a trial court's factual determination of whether a person committed the alleged acts of abuse. (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822 (*Sabbah*).) The court's determination must be upheld if there is any substantial evidence in the record, contradicted or uncontradicted, to support it. (*Ibid*.) "'We must accept as true all evidence . . . tending to establish the correctness of the trial court's findings . . . , resolving every conflict in favor of the judgment.'" (*Id*. at p. 823.) Additionally, we must not judge credibility of any witness; "'it is the exclusive province of the [trier of fact] to determine the credibility of a witness . . . .'" (*Ibid*.)

II.     *Admissibility of Evidence*

Father contends the trial court abused its discretion in failing to admit evidence concerning alleged accusations of abuse made by mother against a person she had a relationship with before she met father that were similar in nature to the accusations made against father. We find no error.

When father's counsel, citing Evidence Code section 1101, subdivision (b), indicated their intent to have father testify about the alleged statements made by mother 26 years prior, mother's counsel objected on relevance and prejudice grounds. The court held a closed hearing on the matter. Having reviewed the sealed transcript of the proceedings, we find no error. The court did not abuse its discretion in excluding the

6

proffered testimony.  (See *People ex rel. Lockyer v. Sun Pacific Farming Co.* (2000) 77 Cal.App.4th 619, 639-640 [trial court ruling regarding admissibility of evidence reviewed for abuse of discretion].)

III.        *Sufficiency of the Evidence*

Father asserts "[t]he trial court's decision [to issue the restraining order] is not supported by the total facts."  We construe his argument as challenging the sufficiency of the evidence to support the court's finding of abuse.  The incomplete record and the substance of the testimony contained in it compel us to reject father's contentions.

"As with any civil appeal, we must presume the [order] is correct, indulge every intendment and presumption in favor of its correctness, and start with the presumption that the record contains evidence sufficient to support the [order]."  (*Steele v. Youthful Offender Parole Bd.* (2008) 162 Cal.App.4th 1241, 1251.)  Father, as the appellant, bears the burden of overcoming that presumption of correctness by demonstrating prejudicial error.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; *Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178 (*Parker*).)  Providing an adequate record for review is part and parcel of such obligation.  (*Jameson*, at p. 609; *Parker*, at p. 1178.)  In the context of a substantial evidence challenge, an adequate record means the entirety of the evidence presented to the trial court on the matter.  (See *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [appellants who elected not to provide transcript of trial court proceedings had no basis for arguing evidence presented at trial was insufficient to support court's injunctive relief finding]; *Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218 [party challenging sufficiency of evidence to support finding must "set forth, discuss, and analyze all the evidence on that point, both favorable and unfavorable"].)

Here, the appellate record is inadequate.  The court heard testimony from six people, but father only designated some of the testimony be included in the record on

appeal. Based on trial court minute orders contained in the record, the missing testimony includes the following: the direct examination of mother, as well as a portion of her cross-examination; a portion of grandmother's direct examination and cross-examination; all testimony of mother's sister. Failure to present us with an adequate record defeats father's sufficiency of evidence argument. (See *Parker, supra*, 212 Cal.App.4th at p. 1178 [concluding appellant's failure to designate adequate record to evaluate insufficiency of evidence claim required presumption judgment was correct]; *Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660 ["Failure to provide an adequate record on an issue requires that the issue be resolved against appellant"]; *In re Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [when reporter's transcript does not include all testimony, it is presumed portion not provided would demonstrate absence of error].)

Even if we were to look beyond the defects in the record, the partial record before us reveals we would nevertheless be compelled to conclude the trial court's order is supported by substantial evidence. The trial court found grandmother credible and "did not see any embellishments" in her testimony. She testified to three incidents in which father used physical force against mother, the most recent of which she said took place in May 2022. Credibility evaluations are the sole province of the trier of fact (*Sabbah, supra*, 151 Cal.App.4th at p. 823), and the testimony of one witness, contradicted or uncontradicted, is enough to affirm an order granting a domestic violence restraining order (*In re Marriage of Fregoso & Hernandez* (2016) 5 Cal.App.5th 698, 703).

8

## DISPOSITION

The order is affirmed.  Mother is entitled to her costs on appeal.


DELANEY, J.

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.