Filed 3/30/26  Rodick v. County of Santa Clara CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

|  |  |
|---|---|
| JOSELYN RODICK,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>    Defendant and Respondent. | H053052<br>(Santa Clara County<br>Super. Ct. No. 22CV409336) |

This is an appeal from a judgment of dismissal following the sustaining of a demurrer to a third amended complaint (TAC) without leave to amend.  Appellant Joselyn Rodick argues that she was given an insufficient opportunity by the trial court to oppose the demurrer and that she should also have been granted leave to amend.  Rodick has not included the trial court's order sustaining the demurrer in the record, nor has she included any of the demurrer briefs, the TAC itself, or any other prior pleadings or orders.  Rodick's failure to provide an adequate record precludes us from making any determination regarding the demurrer, let alone ruling in her favor.  Rodick also does not describe what amendment she would make to the TAC or how it would cure any defect in that pleading.  Accordingly, we affirm the judgment.

## I.  BACKGROUND

In December 2022, Rodick filed her original complaint.  The complaint is not in the record, but Rodick states that she sued the County of Santa Clara (the County) for negligence, negligent supervision, negligent hiring and retention, and intentional

infliction of emotional distress. These causes of action were based on her placement in foster care by the County when she was a child, where one of the foster parents sexually molested her. She notes that the foster parent was later convicted of child molestation in 1987, was sent to prison, and died in prison.

Rodick states that she was granted leave to amend the complaint by the trial court, and then she stipulated with the County to file a second amended complaint in March 2024. The County demurred to the second amended complaint. The record does not reflect the outcome of the demurrer, but it appears that the trial court sustained the demurrer with leave to amend, as Rodick filed her TAC in August 2024, after the issuance of the court's order.

On September 26, 2024, the County demurred to the TAC. Although Rodick claims that she submitted an opposition to the demurrer on November 21, 2024, no such document appears in the trial court's register of actions. On December 4, one day before the scheduled hearing, Rodick filed a document entitled "Declaration of Michael D. Maloney ISO Opposition to Demurrer to Third Amended Complaint."[1] Following the hearing, the trial court sustained the County's demurrer without leave to amend. On January 27, 2025, a different judge of the trial court issued a judgment of dismissal.

Rodick timely appealed.

## II. DISCUSSION

### A. *Standard of Review and Applicable Legal Principles*

"[T]he standard of review of a ruling sustaining a demurrer without leave to amend is de novo. Whether leave should have been granted is considered under the abuse of discretion standard, although error is shown if there is any reasonable probability an amendment curing the defect can be made. [Citation.]" (*Fox v. JAMDAT Mobile, Inc.* (2010) 185 Cal.App.4th 1068, 1078-1079.) "The appellant has the burden to

---

[1] The County asserts that Rodick filed this declaration after the trial court had already posted its tentative ruling.

2

identify specific facts showing the complaint can be amended to state a viable cause of action. [Citation.] An appellant can meet this burden by identifying new facts or theories on appeal. [Citations.]" (*Minnick v. Automotive Creations, Inc.* (2017) 13 Cal.App.5th 1000, 1004.) Where a plaintiff provides neither a "proposed pleading nor any identifiable allegation showing a reasonable possibility that an amended complaint will cure the defect," the plaintiff does not meet his or her "burden of showing the trial court abused its discretion by sustaining the demurrer without leave to amend." (*Brenner v. City of El Cajon* (2003) 113 Cal.App.4th 434, 444.)

**B.** *Rodick Has Not Met Her Burden of Showing Error*

Rodick makes two main arguments on appeal. First, she argues that the trial court abused its discretion because "[f]or some unknown reason, the [trial court] determined that an Opposition to the Demurrer to the Third Amended Complaint had not been filed . . . and would not allow [Rodick's] counsel [to] speak at the hearing on the demurrer to the Third Amended Complaint. . . ." Second, she argues that the trial court erred by not allowing leave to amend.

As noted above, the record does not reflect that Rodick filed any timely memorandum in opposition to the demurrer.[2] It is established that "[a] trial court has broad discretion under rule 3.1300(d) of the California Rules of Court to refuse to consider papers served and filed beyond the deadline without a prior court order finding good cause for late submission. [Citations.]" (*Bozzi v. Nordstrom, Inc.* (2010) 186 Cal.App.4th 755, 765.) To the extent that Rodick claims that her counsel's December 4, 2024 declaration constituted an opposition, that submission was exceedingly untimely, especially if it was done after the court had already issued a tentative ruling, as the

---

[2] Rodick asserts that she submitted an opposition "using 1file.com" on November 21, 2024, but nothing in the record supports this assertion. Moreover, even if it were true, the opposition would have been late, as the filing deadline was November 20. (See Code Civ. Proc., § 1005, subd. (b).)

County asserts. Without any minute order or reporter's transcript from the December 5, 2024 hearing in the record, we do not know if the trial court was even made aware of the late-filed declaration. Nor do we have a copy of this declaration in the record. As for whether Rodick should have been permitted oral argument at the hearing, we note that if Rodick did not notify the court and the County by 4:00 p.m. the day before the hearing of her counsel's intention to appear, it would have been proper for the court to deny oral argument. (See Cal. Rules of Court, rule 3.1308(a)(1) ["oral argument must be permitted only if a party notifies all other parties and the court by 4:00 p.m. on the court day before the hearing of the party's intention to appear"]; Super. Ct. Santa Clara County, Local Rules, rule 8D, Civil Rules [adopting Cal. Rules of Court, rule 3.1308(a)(1)].) Rodick does not argue on appeal that she did in fact notify the court and opposing counsel, the County asserts that she did not, and we have nothing in the record to indicate otherwise. Under the presumption of correctness, discussed *infra*, we presume the trial court had a valid ground for not permitting argument from Rodick at the hearing, if that is what in fact happened.

For similar reasons, we have no way to evaluate Rodick's argument that the trial court abused its discretion in denying leave to amend. Nearly all of the necessary documents have been omitted from the record. As noted above, we do not have the complaint or any of the amended complaints, we do not have any of the briefing, we do not have any of the trial court's orders, and there is no reporter's transcript.

" ' "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." [Citation]' [Citations.] 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99

4

Cal.App.4th 1412, 1416, italics omitted; see also *Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660 ["It is the duty of an appellant to provide an adequate record to the court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against appellant."].) Here, Rodick has failed to include any of the documents necessary to evaluate the sufficiency of the TAC and whether leave to amend should have been granted. She has therefore not overcome the presumption of correctness. (See *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [plaintiff did not meet burden on appeal because he did not include the motion, the opposition, or the trial court's order in his appendix].)

In addition, we note that Rodick has not provided anything in her briefs to explain how she could amend the TAC to cure any defect(s) in the allegations. Instead, she simply states that "[t]he facts in the [TAC] are more than adequate to support the claims that were made," without further elaboration.

Based on the lack of necessary documents in the record, as well as Rodick's failure to provide meaningful argument as to how the operative pleading could be amended, we affirm the trial court's ruling.

### III.    DISPOSITION

The judgment is affirmed. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

_____

                    CHUNG, J.*


WE CONCUR:




_____

LIE, ACTING P. J.




_____

WILSON, J.




_Rodick v. County of Santa Clara_
H053052



_____

* Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution